HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TASI Q. CADIZ,

            Plaintiff,

v.

MULTICARE HEALTH SYSTEM,

            Defendant.

CASE NO. C19-5244 RBL

ORDER DENYING MOTION FOR LEAVE TO PROCEED IFP

THIS MATTER is before the Court on Plaintiff Cadiz's Motion for Leave to Proceed *in forma pauperis*, supported by his proposed complaint [Dkt. # 1] Cadiz seeks to sue Multicare for breach of contract negligence harassment/retaliation and civil rights violations. It appears he also seeks to represent a class of similarly situated persons. The basis for Cadiz's claims is not at all clear from his complaint. It appears that he was using a Multicare restroom near its emergency room when someone opened the door, exposing him. He was ultimately asked to leave.

The rest of the 44-page complaint is filled with conclusory statements about Multicare's obligations and intentions, filled with adjectives and legal citations, but no facts.

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The Court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). Moreover, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* Plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Ordinarily, the Court will permit pro se litigants an opportunity to amend their complaint in order to state a plausible claim. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.")

ORDER DENYING MOTION FOR LEAVE TO
PROCEED IFP - 2

Cadiz's proposed complaint does not meet this plausibility standard. He has not identified any individual who did anything to him, or explained why what they did violated any of his contractual or constitutional or other rights, or how it amounted to actionable discrimination.

Although a non-attorney may appear *in propria persona* in his own behalf, that privilege is personal to him. *McShane v. United States*, 366 F.2d 286, 288 (9th Cir.1966). He has no authority to appear as an attorney for others than himself. *Russell v. United States*, 308 F.2d 78, 79 (9th Cir.1962); *Collins v. O'Brien*, 208 F.2d 44, 45 (D.C.Cir.1953), *cert. denied*, 347 U.S. 944, 74 S.Ct. 640, 98 L.Ed. 1092 (1954). The real party in interest must be the person who "by substantive law has the right to be enforced." See C.*E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987); *see also McShane v. United States*, 366 F.2d 286, 288 (9th Cir.1966) (the privilege to represent oneself *pro se* provided by section 1654 is personal to the litigant and does not extend to other parties or entities). A non-lawyer representative cannot litigate claims that are not personal to him.

As a pre so litigant, Cadiz may represent himself, only; he cannot represent a class of similarly situated people, even if a corporation's employee's opening a restroom door was the sort of claim that could otherwise lead to a class action against the corporation.

Cadiz's Motion for leave to proceed *in forma pauperis* is DENIED. Plaintiff Cadiz shall pay the filing fee or file an amended complaint **within 21 days** of this Order, or the case will be dismissed. Any amended complaint should focus on the "who, what, when, where, and why" of a factual story. Acres of adjectives, legal citations, and conclusory statements are not required and are not enough to state a viable claim. His complaint should identify who did what to him, when

where and why, and then plausibly articulate why that conduct is actionable in this Court. The incident he has described thus far does not state a plausible claim.

IT IS SO ORDERED.

Dated this 19th day of April, 2019.

Ronald B. Leighton
United States District Judge